UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HORIZON SHIPPING INVESTMENTS SA ,<br>Plaintiff,<br>v.<br>TKB SHIPPING A/S et al.,<br>Defendant. | IN ADMIRALTY<br>CASE NO. 3:26-cv-05885-DGE<br>ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT |

Having reviewed and considered the Motion for Issuance of Process of Maritime Attachment and Garnishment of Plaintiff, HORIZON SHIPPING INVESTMENTS S.A., and Plaintiff's Verified Complaint, together with the Attorney Declaration that Defendant cannot be found in the District, and finding that the conditions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure appear to exist, the Court hereby:

**ORDERS** the Clerk to issue Process of Maritime Attachment and Garnishment as prayed for in the Verified Complaint against all property, tangible or intangible, belonging to Defendant

T.K.B. SHIPPING A/S, to wit: bunkers onboard the M/V LEFTERIS T (IMO 9621170), which is or will be located within the Western District of Washington, in an amount up to USD $7,156,500 pursuant to Supplemental Rule B; and

**ORDERS** that the Clerk of the Court shall issue further, supplementary writs of maritime attachment and garnishment, on request of the Plaintiff and without further Order of the Court; and

**ORDERS** that the United States Marshal and/or Substitute Custodian, which is subsequently appointed by this Court, is authorized to allow the M/V LEFTERIS T (IMO 9621170) to conduct normal cargo operations, both discharging and loading, repair works, and to shift berths (consistent with the U.S. Marshal's requirements), always remaining within this judicial district, and always at the risk and expense of the vessel's interest; and

**ORDERS** that the copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment; and

**ORDERS** that the U.S. Marshal is released and held harmless for any and all costs, fees, liabilities, or other expenses in any way arising out of the attachment of the bunkers onboard the M/V LEFTERIS T (IMO 9621170); and

**ORDERS** that the chargers and expenses incurred by the U.S. Marshal shall be deemed *in custodia legis*, and will be paid from the proceeds of any sale of the attached property unless otherwise agreed. If a written objection is timely filed, payment of the disputed charges only shall be made after the objection is resolved by agreement of the parties or by Court order. Payment of the undisputed charges shall not be affected; and

**ORDERS** that any property of the Defendant, specifically the bunkers on board the M/V LEFTERIS T (IMO 9621170), may be released from attachment without further order of this

Court, if the U.S. Marshal received written authorization to do so from the attorney who requested the attachment and garnishment, starting that he has conferred with all attorneys representing parties to the litigation, and they consent to the request for the release, and also provided that the Court has not entered any subsequent orders modifying this agreement for the release of the property which was attached pursuant to this Order, and Plaintiff shall hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees, from any and all claims arising from the attachment and release of the property as is herein specifically provided; and

**ORDERS** that any person claiming an interest in the property attached or garnished pursuant to this Order, upon application of the Court, be entitled to a prompt hearing in which Plaintiff shall be required to show why the attachment or garnishment should not be vacated or other relief granted.

Dated this 7th day of August, 2026.

David G. Estudillo
United States District Judge